IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID P. BROOKS, aka**
**DAVID P. BROOKS-EL,**

    **Plaintiff,**

    v.                                                                                          **CASE NO. 25-3054-JWL**

**KRIS KOBACH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff David P. Brooks-El is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas, and he proceeds in forma pauperis. Plaintiff names as Defendants: Kansas Attorney General Kris Kobach; Kansas Secretary of Corrections Jeff Zmuda; Kansas District Judge J. Dexter Burdette, who sentenced Plaintiff; and Kansas District Attorney "Nicholas A. Thomasic [*sic*],"[1] who prosecuted Plaintiff. (Doc. 1, p. 2-3.)

Plaintiff's claims relate to his state criminal proceedings. Plaintiff alleges that in 1994, when he was 15 years old, Defendant Tomasic prosecuted him as an adult on a charge of felony murder, despite it being Plaintiff's first offense and despite an older codefendant with a prior

---

[1] The correct spelling of this Defendant's last name is Tomasic, which will be used in the remainder of this order.

criminal record being prosecuted as a juvenile. *Id.* at 4-5. Judge Burdette ultimately sentenced Plaintiff to an indeterminate sentence that was the functional equivalent of life without parole. *Id.* at 4. Plaintiff challenges the constitutionality of his sentence, alleging that it was imposed without any consideration of his youth and immaturity in violation of the Eighth Amendment. *Id.* Plaintiff points out that he has served 20 years more than any of his codefendants. *Id.* at 5.

Plaintiff also alleges that enduring the conditions of confinement in an adult prison from the age of 16 years old led to him developing mental health issues such an anxiety and depression and has left him unable to "function in normal everyday life." *Id.* Plaintiff further refers to a substantial rule change that "lapsed" in 2015 and his being "kept until after 2-1-2025 to do a class for liberty on this 8th Amend[ment] viol[ation]," but to the extent that Plaintiff intends to base a claim on these events, any such claim is unclear. *See id.* Similarly, Plaintiff asserts that the Sixth Amendment's Supremacy Clause has been violated, but the complaint leaves unclear the events that Plaintiff believes violated the Supremacy Clause. *See id.* at 3. As relief, Plaintiff seeks $3,600,000.00. *Id.* at 5.

## II. Statutory Screening of Prisoner Complaints

Because Plaintiff proceeds in forma pauperis in this matter, the Court is required to "dismiss the case at any time if the court determines that—. . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally

construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d

3

1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Heck Bar and Habeas Nature of Claim

To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v.*

4

*Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim challenging Plaintiff's state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of his conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the sentence that he now challenges has been invalidated. Plaintiff is directed to show good cause why his claims should not be dismissed as barred by *Heck*.

**2. Defendants**

**A. Sovereign Immunity**

Plaintiff does not indicate whether he is suing Defendants in their individual and/or official capacities. To the extent he is suing the Defendants in their official capacities, they are entitled to Eleventh Amendment immunity.

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

For § 1983 purposes, a state official is the state itself when sued in his or her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A state officer sued in his or her official capacity also enjoys this protection. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted).

The bar also applies when the entity is an arm or instrumentality of a state. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). In determining whether an entity is an instrumentality or arm of the state for purposes of Eleventh Amendment immunity, the Tenth Circuit has established a two-part inquiry, requiring an examination of: (1) "the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state," and (2) "the extent of financing the

agency receives independent of the state treasury and its ability to provide for its own financing." *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997) (citations omitted). "The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury." *Id*. (citations omitted).

Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals. *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3. The legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the district court with regard to district court officers or employees whose total salary is payable by counties." K.S.A. 44–575(a). The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel performing services in adult or juvenile detention or correctional facilities. K.S.A. 20–162(a), (b).

District court judges are state officials. *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004), *see also Sigg v. Dist. Court of Allen Cty., Kan.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. March 20, 2012) (district court judge is a state official and official capacity claims against judge for money damages are barred). A county district attorney's office, "to the extent that it is an entity that can be sued, is a branch or agency of the state under applicable law and, therefore, is also immune under the Eleventh Amendment." *Collins v. McClain*, 207 F. Supp. 2d 1260, 1263 (D. Kan. 2002) (citations omitted); *see also White v. Blackwell*, 343 F. App'x 341, 342 (10th Cir. 2009) (damage claim against county prosecutor in her official capacity barred by

Eleventh Amendment immunity); *McCormick v. Bd. of Cty. Comm'rs of Shawnee Cty.*, 24 P.3d 739, 746 (Kan. Ct. App. 2001) ("In Kansas, district attorneys are officers of the State.").

Any official capacity claims against the state officials for monetary damages are barred by sovereign immunity. Furthermore, state officers acting in their official capacity are not considered "persons" against whom a claim for damages can be brought under § 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).

### B. Personal Immunities

#### 1. Judge Burdette

Plaintiff names Judge Burdette as a defendant. Even if Plaintiff sues the judge in his individual capacity, a state court judge is entitled to personal immunity. "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claims against Judge Burdette should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts to suggest that Judge Burdette acted outside of his judicial capacity. Plaintiff is directed to show good cause why his claims against Judge Burdette should not be dismissed based on judicial immunity.

### 2. Nicholas A. Tomasic

Plaintiff also names the district attorney who prosecuted him, Nicholas A. Tomasic, as a defendant. Plaintiff's claims against Defendant Tomasic fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function. Plaintiff is directed to show cause why his claims against Defendant Tomasic should not be dismissed based on prosecutorial immunity.

### C. Personal Participation

Plaintiff also names as Defendants in this action Kansas Attorney General Kris Kobach and Kansas Secretary of Corrections Jeff Zmuda. (Doc. 1, p. 2.) An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint

and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

The complaint now before the Court contains no factual allegations describing acts or failures to act by either Defendant Kobach or Defendant Zmuda. To the extent that Plaintiff named these Defendants because of his claims regarding the effects of Plaintiff's prolonged incarceration and the conditions he has endured, he has failed to state a claim. As noted above, he must allege their direct personal participation in a constitutional violation. "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty*, 523 F.3d at 1162.

Thus, Plaintiff has failed to sufficiently allege the personal participation of these defendants, as is required to state a plausible claim against either of them. Plaintiff is directed to show cause why his claims against Defendants Kobach and Zmuda should not be dismissed for failure to state a claim against either of them.

**IV. Response Required**

Plaintiff is required to show good cause why his complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 16, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated April 14, 2025, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
