IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID P. BROOKS,

                    Plaintiff,

      v.                                                                            CASE NO. 25-3054-JWL

KRIS KOBACH, ET AL.,

                    Defendants.

## MEMORANDUM AND ORDER

      This matter comes now before the Court on Plaintiff and state prisoner David P. Brooks' motion for an extension of time to respond to the memorandum and order to show cause (MOSC) filed in this matter on April 14, 2025. ( Docs. 6 and 7.) The motion will be granted in part and denied in part. Plaintiff will be granted an additional 30 days in which to file his response, making the deadline to respond to the MOSC June 16, 2025.

      Liberally construing the motion, as is appropriate since Plaintiff proceeds pro se, it appears to also include a request that this Court appoint counsel to represent Plaintiff. (Doc. 7, p. 2.) This request will be denied. There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

      The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest

1

possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not yet clarified and may not be complex; and (3) plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

Finally, the motion could be liberally construed to request extensions of deadlines in other cases Plaintiff has pending before this Court. (*See* Doc. 7, p. 1 (seeking an extension to respond to "show cause order(s)") and 2 (asking for the Court's understanding "in the extensions").) In order to seek extensions of deadlines in multiple cases before this Court, Plaintiff must file a motion in each case, clearly identifying that case caption and case number at the top of his motion. In other words, if Plaintiff wishes to seek an extension of time in Case No. 25-3055-JWL, he must file in that case a motion for extension of time. If he wishes to seek an extension of time in Case No. 25-3065-JWL, he must file in that case a motion for extension of time. The Court will not grant extensions of deadlines set in other cases based on a motion filed only in this case.

**IT IS THEREFORE ORDERED** that the motion for extension of time (**Doc. 7**) is **granted in part and denied in part**. Plaintiff is granted to and including **June 16, 2025** in which to comply with the April 14, 2025 memorandum and order to show cause (Doc. 6). Plaintiff is reminded that to seek extensions of time in multiple cases, he must file a motion in each case

seeking such relief. The Court will not grant extensions of deadlines set in other cases based on a motion filed only in this case. The request for appointment of counsel in this matter is denied without prejudice for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 5th day of May, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
