IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID P. BROOKS,**

    **Plaintiff,**

    v.                                                        CASE NO. 25-3054-JWL

**KRIS KOBACH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff David P. Brooks filed a complaint and began this pro se civil rights action under 42 U.S.C. § 1983 on March 27, 2025. (Doc. 1.) He was granted leave to proceed in forma pauperis. (Doc. 5.) The complaint names as Defendants Kansas Attorney General Kris Kobach; Kansas Secretary of Corrections Jeff Zmuda, Kansas District Judge J. Dexter Burdette, and Kansas District Attorney Nicholas Tomasic. (Doc. 1.) Plaintiff's claims relate to his state criminal proceedings and he seeks $3,600,000.00 in damages. *Id.* at 5. Because Plaintiff was a prisoner, the Court was required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(B).

On April 14, 2025, the Court issued a memorandum and order to show cause (MOSC) identifying deficiencies in the complaint that left it subject to dismissal in its entirety. (Doc. 6.) Specifically, the Court explained: (1) challenges to the validity of a state sentence may not be heard in a § 1983 action and must be brought in a habeas case; (2) his claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (3) Defendants are entitled to Eleventh Amendment immunity to claims brought against them in their official capacities; (4) Judge Burdette also was entitled to

1

judicial immunity against claims brought against him in his individual capacity; (5) Defendant Tomasic was entitled to prosecutorial immunity; and (6) Plaintiff failed to allege facts that showed sufficient personal participation in a constitutional violation by Defendants Kobach and Zmuda. *Id.* at 4-10. The MOSC granted Plaintiff until May 16, 2025 to show good cause, in writing, why the complaint should not be dismissed. *Id.* at 10.  Plaintiff was cautioned that "[f]ailure to respond by the deadline may result in dismissal of this matter without further prior notice." *Id.*

On May 5, 2025, the Court granted Plaintiff's motion for extension of time to file his response to the MOSC, making the new deadline June 16, 2025. (Docs. 7-9, 11.) On May 14, 2025, the Court received a notice from Plaintiff advising that he anticipated being released from prison within 14 days and providing his intended future address. (Doc. 12.) Plaintiff has not filed anything with this Court confirming his relocation to that address. The June 16, 2025 deadline to respond to the MOSC has now passed and the Court has received no response from Plaintiff to the MOSC. Thus, the Court will dismiss this matter without prejudice for failure to state a claim upon which relief can be granted, as explained in detail in the April 14, 2025 MOSC (Doc. 6).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed without prejudice for failure to state a claim upon which relief can be granted. The clerk is directed to send a copy of this order to Plaintiff at his address of record and the address identified in Plaintiff's May 14, 2025 notice to the Court.

**IT IS SO ORDERED**.

**Dated June 24, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
